## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ALMA SURLES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIV. A. NO. 18-0192-KD-MU |
| | ) | |
| ALLEN DARNELL SCOTT, JR., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion to Remand (Doc. 4)
and Defendants' Response to Plaintiffs' Motion to Remand (Doc. 12). This
motion has been referred to the undersigned Magistrate Judge for entry of a
report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala.
Gen LR 72(a)(2)(S). Upon consideration of all relevant filings in this case and the
applicable law, the undersigned recommends that Plaintiffs' motion to remand be
**DENIED.**

## BACKGROUND

On March 12, 2018, Plaintiffs filed their complaint in the Circuit Court of
Conecuh County, Alabama alleging that they suffered personal injuries as the
result of a motor vehicle accident caused by Defendant Scott. (Doc. 2-1). They
asserted claims against Scott for negligence and wantonness and against
Defendant Keystone Freight for negligent entrustment and negligent training,
retention, and supervision. (*Id*. at pp. 4-13). Pursuant to 28 U.S.C. §§ 1332,
1441, and 1446, Defendants filed a Notice of Removal of this action to this Court

on April 23, 2018, in which they alleged complete diversity between Plaintiffs and

Defendants and an amount in controversy in excess of $75,000. (Doc. 1). On

May 1, 2018, Plaintiffs filed a motion to remand this action to state court on the

ground that Defendants have failed to meet their burden of demonstrating that

the amount in controversy exceeds $75,000. (Doc 4).[1]

## CONCLUSIONS OF LAW

Because Defendants removed this case to federal court, they have the

burden of proving that federal jurisdiction exists.  *See Williams v. Best Buy Co.*,

269 F.3d 1316, 1319 (11th Cir. 2001); *Davidson v. Liberty Mut. Ins. Co.*, CA 16-

0516-KD-C, 2016 WL 7428220, at *5 (S.D. Ala. Dec. 8, 2016).  Federal courts,

being of limited jurisdiction, must "proceed with caution in construing

constitutional and statutory provisions dealing with [their] jurisdiction." *Victory*

*Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971), *quoted in Univ. of S. Ala. v. Am.*

*Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "Because removal jurisdiction

raises significant federalism concerns, federal courts are directed to construe

removal statutes strictly," and "*all doubts about jurisdiction should be resolved in*

*favor of remand to state court.*" *Univ. of S. Ala.*, 168 F.3d at 411; *see also Burns*

---

[1] In the body of their motion to remand, Plaintiffs state that they "requests leave from Court to amend their Complaint …," and they attach a proposed Amended Complaint. (Doc. 4 at p. 2). Because Plaintiffs did not file a separate motion for leave to amend their complaint or a reply in response to the Defendants' opposition to their motion to remand, and specifically, to Defendants' argument that any attempt to disavow damages in excess of $75,000 at this juncture would have no effect on the determination as to whether removal was proper, the Court does not know whether Plaintiffs still want to amend their complaint. In any event, if Plaintiffs do seek to amend their complaint, they should file a separate motion seeking leave.

*v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994) (holding that any questions or doubts are to be resolved in favor of returning the case to state court). Defendants claim in this case that federal jurisdiction is proper on the basis of diversity of citizenship. (Doc. 1). Therefore, Defendants bear the burden of establishing that Plaintiffs are diverse from all defendants and proving by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement. *See Williams*, 269 F.3d at 1319; *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

Plaintiff's complaint does not seek a specific amount of damages. (Doc. 1-1 at pp. 46-48). In such a case, removal is proper if the requisite amount in controversy is "facially apparent from the complaint." *Williams,* 269 F.3d at 1319. If the amount in controversy is not facially apparent, the court may look to the notice of removal and to evidence submitted that is relevant to the amount in controversy at the time the case was removed. *Id*. (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). In this case, no indication as to the amount in controversy is contained in the complaint; the complaint lists only general categories of damages without any monetary amounts. Because the amount in controversy is not facially apparent from the amended complaint, the Court must look to the notice of removal and other evidence submitted to determine if the amount in controversy is met.

In their complaint, Plaintiffs seek recovery of compensatory damages, lost wages, court costs, attorney's fees and punitive damages as a result of suffering

"serious injuries," "pain, suffering, property damage and other damages." (Doc. 2-1). Because the amount of damages sought is not determinable from the complaint, to meet its burden of proof, Defendants rely on correspondence from Plaintiffs' attorney relaying a settlement demand to Defendants on behalf of each Plaintiff prior to the commencement of this action. (Doc. 12-1). In one letter, Plaintiffs' attorney stated that Plaintiff K.S., a minor, had incurred $10,908.06 in medical expenses as of that date and made a demand of $110,000 to settle that claim. (*Id.* at p. 1). In the other letter, Plaintiffs' attorney stated that Plaintiff Alma Surles had incurred $13,063.33 in medical expenses as of that date and made a demand of $130,000 to settle her claim. (*Id.* at p. 2). In their motion to remand, Plaintiffs argued that Defendants have failed to provide any concrete evidence supporting their contention that the amount in controversy exceeds the jurisdictional limit and that the amount demanded in the pre-suit letter cannot be relied upon to support federal jurisdiction because it was never responded to by Defendants. (Doc. 4 at p. 2).[2]

While the correspondence relied upon by Defendants can constitute an "other paper" to support jurisdiction within the meaning of 28 U.S.C. § 1446(b), *see Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1212 n.62 (11th Cir. 2007), the question remains whether the "other paper" in this case establishes the amount in controversy by a preponderance of the evidence. The Court recognizes that settlement offers can be used as an element to prove the amount

---

[2] Even though invited to by the Court in its response order (Doc. 11), Plaintiffs did not file a reply to Defendants' response to their motion to remand.

in controversy.

> "While [a] settlement offer, by itself, may not be determinative, it counts for something." *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1097 (11th Cir. 1994). What it counts for, however, depends on the circumstances. Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide "specific information … to support [the plaintiff's] claim for damages" suggest the plaintiff is "offering a reasonable assessment of the value of [his] claim" and are entitled to more weight. *Golden Apple Management Co. v. Geac Computers, Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998).

*Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009). A settlement offer or assessment of the case that contains no specific information to support the amount of damages demanded amounts to nothing more than a conclusory or speculative allegation. "A conclusory allegation . . . that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319-20; *Burns*, 31 F.3d at 1097.

In the instant case, Defendants rely upon the letters from Plaintiffs' counsel setting forth a demand to settle the case prior to suit being filed. (Doc. 12-1 at pp. 1-2). In these letters, Plaintiffs' attorney advises that one of the plaintiffs had incurred $10,908.06 in medical expenses as of the date of the letter (January 17, 2018) and the other plaintiff had incurred $13,063.33. There was no indication in either of these letters concerning whether either of the plaintiffs would incur any further medical expenses nor was there any indication concerning whether they had incurred or would incur lost wages, permanent disability, or property damage. However, in Plaintiffs' complaint, which was filed

in state court on March 12, 2018, Plaintiffs alleged that they suffered "personal injuries, pain, suffering, property damage and other damages" and sought compensatory damages, lost wages, and punitive damages. (Doc. 2-1 at pp. 5-14). In the letters setting forth the amounts of the medical expenses incurred, Plaintiffs' counsel made settlement demands of $110,000 and $130,000, respectively. Plaintiffs' counsel offered no explanation or substantiation for demanding approximately ten times the amount of medical expenses incurred. (Doc. 12-1).

Courts are allowed to make an assessment of a plaintiff's claim based on their judicial experience and common sense, *see Rachel v. PNC Bank, N.A.,* Civ. A. 16-00351-KD-MU, 2017 WL 1362034, at *2-3 (S.D. Ala. Apr. 10, 2017); however, courts cannot speculate on the amount in controversy, *see Lowery*, 483 F.3d at 1209, 1215. As discussed above, while the Court cannot speculate on the amount in controversy, it can rely on its judicial experience and common sense in considering whether the amount in controversy has been met. In this case, in addition to medical expenses, Plaintiffs seek recovery of damages for lost wages, pain and suffering, and punitive damages arising out of a collision between their automobile and a truck on an interstate highway that resulted in their automobile landing in the median. Based upon these facts and the amount of the medical expenses incurred, the Court finds that Defendants have met their burden of proving that the amount in controversy exceeds the jurisdictional limits of this Court.

## CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that Plaintiffs' motion to remand (Doc. 4) be **DENIED.**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or

refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **24th** day of **July, 2018**.

s/P. BRADLEY MURRAY
UNITED STATES MAGISTRATE JUDGE
