**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| ALMA SURLES, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )    CASE NO.: 1:18-cv-192-TFM-MU |
| | ) |
| ALLEN DARNELL SCOTT, JR., et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR**
**MOTION FOR SUMMARY JUDGMENT**

COME NOW, Defendants, Keystone Freight Corp. ("Keystone") and Allen Darnell Scott, Jr. ("Scott"), and submit this Brief in Support of Their Motion for Summary Judgment. In support of said motion, Defendants state as follows:

### I.    INTRODUCTION

This is a simple automobile accident case that fortunately resulted in relatively minor injuries. Plaintiffs filed this case in state court on March 12, 2018. (Doc 2-1 at p. 3 – Complaint). Defendants timely removed the case to this Court on April 23, 2018. (Doc 1 – Notice of Removal). Plaintiffs' attempt to remand the case was denied on August 10, 2018. (Doc 21 – Order).

In their Complaint, Plaintiffs allege the following claims:

i.   Count One (negligence (negligent operation, more specifically) against Defendant Scott, individually);

ii.  Count Two (negligence per se against Defendant Scott, individually);

iii. Count Three (recklessness and wantonness against Defendant Scott, individually);

iv.  Count Four (negligence (negligent operation, more specifically) against Defendant Scott, as an employee of Defendant Keystone);

    v.        Count Five (negligence per se against Defendant Scott, as an employee of Defendant Keystone);

    vi.       Count Six (recklessness and wantonness against Defendant Scott, as an employee of Defendant Keystone);

    vii.      Count Seven (negligent entrustment against Defendant Keystone);

    viii.     Count Eight (negligent hiring, training, retention, and supervision against Defendant Keystone);

    ix.       Count Nine (respondeat superior against Defendant Keystone); and

    x.        Count Ten (negligence and wantonness against fictitious defendants).

Defendants move for summary judgment on all but the negligent operation claims asserted by Plaintiffs, because there is no evidence supporting these claims. There are no genuine issues of material fact and Defendants are entitled to judgments as a matter of law on these claims. All that should remain following summary judgment are Counts One and Four, and Count Nine only to the extent of Plaintiffs' negligent operation claims in Counts One and Four.[1]

## II.    STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion,

---

[1] Defendant Keystone is not disputing that Defendant Scott was driving on its behalf and under its authority when the underlying accident occurred.

and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material face." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). Moreover, "the nonmoving party cannot create a genuine issue of material fact through speculation, conjecture, or evidence that is 'merely colorable' or 'not significantly probative.'" *Vega v. Invsco Group, Ltd.*, 432 F. App'x 867, 869-70 (11th Cir. 2011).

### III.     STATEMENT OF UNDISPUTED FACTS[2]

1.     Plaintiffs' vehicle and Defendants' truck collided on I-65 N. in Conecuh County, Alabama on September 1, 2017.  (Doc. 2-1 at p. 4 – Complaint at ¶¶ 8-10).[3]

---

[2] Defendants accept the facts recited herein as true for purposes of this motion but reserve the right to dispute some or all of them at trial.

[3] Four exhibits, all excerpts from depositions, are cited in this brief in support of Defendants' Motion for Summary Judgment.  Per the applicable local rules and Judge Moorer's anticipated briefing schedule, Defendants' counsel will provide a courtesy copy of these materials to the Judge's Chambers.

2. Plaintiff K.S. and her grandmother, Plainitff Alma Surles, were in Plaintiff Alma Surles' passenger car returning to Montgomery from Mobile. (Depo. of Plaintiff K.S. at pp. 15-16, 26; Depo. of Plaintiff Alma Surles at pp. 11-13).[4]

3. Plaintiff K.S. was driving and Plaintiff Alma Surles was in the front passenger seat. (Depo. of Plaintiff K.S. at pp. 15-16; Depo. of Plaintiff Alma Surles at pp. 11-13).

4. Plaintiffs estimated their vehicle's speed at around 68-70 mph and said they were in the process of gradually passing Defendants' truck when the accident happened. (Depo. of Plaintiff K.S. at pp. 17-18; Depo. of Plaintiff Alma Surles at pp. 14-16). Plaintiffs were in the left lane and Defendant Scott was in the right lane at the time of the accident. (Depo. of Plaintiff K.S. at pp. 16-20; Depo. of Plaintiff Alma Surles at p. 14).

5. According to Plaintiffs and an eyewitness, Defendants' truck drifted from the right lane into the left lane as Plaintiffs were passing it.[5] (Depo. of Plaintiff Alma Surles at pp. 14-15; Depo. of Annie McCartney at pp. 10-15).[6]

6. During this passing sequence, the front or middle of the left side of Defendants' trailer collided with the front passenger side of Plaintiffs' vehicle. (Depo. of Plaintiff K.S. at pp. 21-22; Depo. of Alma Surles at pp. 17-18). Both vehicles came to a controlled stop in the grass median of the interstate, and neither vehicle spun or flipped as a result of the collision. (Depo. of

---

[4] The cited excerpts from Plaintiff K.S.'s deposition are attached hereto as Exhibit 1, and the cited excerpts from Plaintiff Alma Surles deposition are attached hereto as Exhibit 2. Plaintiff K.S. was a minor when the accident happened and when the lawsuit was filed, but she is nineteen years old now. (Depo. of Plaintiff K.S. at p. 9).

[5] Defendant Scott testified in his deposition that Plaintiffs' vehicle drifted into his lane and he only came into their lane after over-correcting his truck in trying to avoid hitting them. However, for purposes of this motion, Defendants accept Plaintiffs' version of the accident as true.

[6] The cited excerpts from Annie McCartney's deposition are attached hereto as Exhibit 3. Mrs. McCartney is a nurse practitioner. (Depo. of Annie McCartney at pp. 6-7).

4

Plaintiff K.S. at pp. 22-23; Depo. of Plaintiff Alma Surles at pp. 14, 18-19; Depo. of Annie McCartney at p. 15).

7. Plaintiffs both suffered soft tissue injuries as a result of the accident. (Depo. of Plaintiff K.S. at pp. 23-25; Depo. of Plaintiff Alma Surles at pp. 19-20). Fortunately, neither Plaintiff was seriously hurt and neither has any continuing physical problems or pain of note. (Depo. of Plaintiff K.S. at p. 37; Depo. of Plaintiff Alma Surles at pp. 29-31; Depo. of Annie McCartney at p. 19).

8. Defendant Scott was hired as a commercial truck driver for Defendant Keystone in August 2017, less than a month before the subject accident. (Depo. of Defendant Scott at pp. 9-10).[7] He was terminated as a driver for Defendant Keystone following the subject accident because it happened during his probationary period. (Depo. of Defendant Scott at p. 11).

9. Prior to driving for Defendant Keystone, Defendant Scott worked as a commercial truck driver for TNT Transport/All Star for about a couple of years. (Depo. of Defendant Scott at p. 8).

10. Defendant Scott attended commercial truck driving school in or around 2015 in Columbus, Georgia. (Depo. of Defendant Scott at p. 14). He had a valid commercial driver's license when he began driving for Defendant Keystone. (Depo. of Defendant Scott at p. 14).

11. Defendant Scott only has two driving citations on his record. (Depo. of Defendant Scott at pp. 17-18). One was for failure to yield prior to driving for Defendant Keystone and one was for an improper lane change arising from the subject accident. (Depo. of Defendant Scott at pp. 17-18). He has never been placed out of service by the federal DOT or by any trucking

---

[7] The cited excerpts from Defendant Scott's deposition are attached hereto as Exhibit 4.

company.  (Depo. of Defendant Scott at p. 18).  He was involved in one prior accident that was not his fault, when someone rear-ended him.  (Depo. of Defendant Scott at pp. 18-19).

    12. At the time of the subject accident, Defendant Scott could see clearly ahead of and behind his position, as his mirrors were clear.  (Depo. of Defendant Scott at pp. 51-52).  He did not see Plaintiffs' vehicle until it was drifting into his lane.[8]  (Depo. of Defendant Scott at pp. 51-52).

### IV. ARGUMENT

**A. Defendants are entitled to summary judgment on Plaintiffs' negligence per se claims (Counts Two, Five, and Nine) because Plaintiffs have not identified any statute they say Defendants violated.**

To prove negligence per se, Plaintiffs must show: (i) that, as a matter of law, the statute was enacted to protect a class of persons which includes the Plaintiffs seeking to assert the statute; (ii) the Plaintiffs injuries are of the type contemplated by the statute; (iii) the Defendants violated the statute; and (iv) the statutory violation proximately caused the Plaintiffs' injuries.  *Fox v. Bartholf*, 374 So. 2d 294, 295-296 (Ala. 1979).  These four elements all contain the definte article "the" and beg a fundamental question here: which statute?

Plaintiffs have not, in their complaint or elsewhere, idenitifed any statute they say was violated.  Instead, they generally allege the following in their negligence per se counts:

    (i). At said place and time, there were in force certain laws, statutes and/or ordinances that were designed to prevent the injuries sustained by Plaintiffs.  (Doc 2-1 at pp. 6, 9 – Complaint at ¶¶ 19, 34).

---

[8] Again, Defendants accept Plaintiffs' version of the accident for purposes of this motion.  This factual statement is included simply to give Defendant Scott's statement as to when he first saw Plaintiffs' vehicle, as only he can attest to that fact.

6

(ii).    Defendant Scott violated said laws, statutes and/or ordinances in the operation of the vehicle that directly resulted in the injuries sustained by the Plaintiffs.  (Doc 2-1 at pp. 6, 9 – Complaint at ¶¶ 20, 35).

(iii).    Plaintiffs are included in the class of people the laws, statutes and/or ordinances were intended to protect.  (Doc 2-1 at pp. 6, 9 – Complaint at ¶¶ 21, 36).

There is no mention of any specific law, statute, or ordinance in the complaint or in any other papers filed or produced by Plaintiffs.  This is fatal to their negligence per se claim.  *Prickett v. BAC Home Loans & Bank of Am., N.A.*, 946 F. Supp. 2d 1236, 1247 (N.D. Ala. 2013); *Costine v. BAC Home Loans*, 946 F. Supp. 2d 1224, 1233 (N.D. Ala. 2013).  *Cf Bowman v. Am. Fid. Gen. Agency*, 2018 U.S. Dist. LEXIS 195949, *15, n.10 (S.D. Ala., Nov. 15, 2018) (allowing a negligence per se claim to survive dismissal precisely because a specific statute was identified), *rejected and modified in part on unrelated grounds by Bowman v. Am. Fid. Gen. Agency, Inc.*, 2019 U.S. Dist. LEXIS 954, *1-2 (S.D. Ala. Jan. 3, 2019).  Notice pleading requirements under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), require that Plaintiffs must plead the specific statute on which they base their negligence per se claim in order to give Defendants faire notice of what the claim is and the grounds on which it rests.  *See Chappey v. Ineos USA LLC*, 2009 U.S. Dist. LEXIS, *7-8 (N.D. Ind. Mar. 23, 2009).

Plaintiffs have not identified which law, statute, or ordinance they say Defendants violated.  Thus, their negligence per se claims in Counts Two, Five, and Nine should be dismissed on summary judgment.

**B.    Defendants are entitled to summary judgment on Plaintiffs' recklessness/wantonness claims (Counts Three, Six, and Nine) because there is no evidence that Defendants acted with a conscious or reckless disregard for the safety of others.**

Wanton conduct, unlike negligent conduct, requires proof that the defendant knew of the possible dangers associated with an act and that injury would likely result therefrom. *Tolbert v. Tolbert*, 903 So. 2d 103, 114-15 (Ala. 2004). Wantonness is statutorily defined as "[c]onduct which is carried on with a reckless or conscious disregard of the rights and safety of others." *Ala. Code* § 6-11-20(b)(3). Alabama courts explain that wantonness is the "conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Knowles v. Poppell*, 545 So. 2d 40, 42 (Ala. 1989). Before a person can be found liable for wanton conduct, the evidence must show that "with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty and that the act or omission produced the injury." *Senn v. Alabama Gas Corp.*, 619 So. 2d 1320, 1324 (Ala. 1993). *See also Lynn Strickland Sales & Service, Inc. v. Aero-Lane Fabricators, Inc.*, 510 So. 2d 142, 145-146 (Ala. 1987).

Alabama courts have consistently and rightly refused to elevate simple errors in judgment to wanton acts. *See Cheshire v. Putman*, 54 So. 3d 336, 344-345 (Ala. 2010) (finding no evidence of wantonness where defendant-employee made only an error in judgment by misjudging time needed to stop and rear-ended plaintiff's vehicle); *Jinright v. Werner Enters.*, 607 F. Supp. 2d 1275, 1277 (M.D. Ala. 2009) (driver was not wanton for pulling out in front of a motorist absent evidence of impaired judgment or speeding); *South Cent. Bell Tel. Co. v. Branum*, 568 So. 2d 795, 796-797 (Ala. 1990) (defendant's failure to maintain proper lookout for 150 feet and knowledge that people frequently crossed the road in the area where pedestrian-plaintiff was struck was nothing more than "inattention, thoughtlessness, or heedlessness" and were incapable of

8

supporting claim for wantonness). The Alabama Supreme Court has even refused to find wantonness in situations where a defendant consciously, impatiently, and foolishly attempts a driving maneuver and fails, causing an accident. *See Ex parte Essary*, 992 So. 2d 5, 11-12 (Ala. 2007) (insufficient evidence of wantonness despite evidence that defendant came to rolling stop, proceeded through intersection and attempted unsuccessfully to "shoot the gap" between two vehicles causing an accident).

The evidence in this case when viewed in the light most favorable to Plaintiffs falls woefully short of that needed to establish a triable issue on wantonness. Rather, the evidence when viewed most favorably for Plaintiffs shows, at most, that Defendant Scott drifted out of his lane and into Plaintiffs' lane as Plaintiffs were attempting to pass him. There is no evidence that Defendant Scott was suddenly changing lanes without checking his mirrors or turning on a turn signal. There is also no evidence that Defendant Scott was speeding or that he was impaired or distracted. At most, Defendant Scott was merely inattentive in allegedly allowing his truck to drift into Plaintiffs' lane. This is not nearly enough to support a wanton operation claim. Therefore, Plaintiffs' wantonness claims in Counts Three, Six, and Nine should be dismissed on summary judgment.

C. **Defendants are entitled to summary judgment on Plaintiffs' negligent entrustment claim (Count Seven) and on their negligent hiring, training, retention, and supervision claims (Count Eight) because there is no evidence Defendant Scott was incompetent.**

In order to prove negligent entrustment, Plaintiffs must establish: "(1) an entrustment; (2) to an incompetent; (3) with knowledge that he is incompetent; (4) proximate cause; and (5) damages." *Halford v. Alamo Rent-A-Car, LLC*, 921 So. 2d 409, 412 (Ala. 2005) (quoting *Mason v. New*, 475 So. 2d 854, 856 (Ala. 1985). "[T]hough an entrustor may be guilty of negligent entrustment of a vehicle to an incompetent driver, he may not be held liable for such negligence

9

unless the injury is proximately caused by the incompetence of the entrustee." *Bonds v. Busler*, 449 So. 2d 244, 245 (Ala. Civ. App. 1984).

Alabama law makes little, if any, distinction between claims of negligent entrustment and those of negligent hiring, retention, training, and supervision. *See Britt v. USA Truck, Inc.,* 2007 U.S. Dist. LEXIS 94164, at *14 (M.D. Ala. 2007). "Implicit in the tort of negligent hiring, retention, training, and supervision is the concept that, as a consequence of the employee's incompetence, the employee committed some sort of act, wrongdoing, or tort that caused the plaintiff's injury." *Weir v. Auilex Hydrochem, LLC*, 128 So. 3d 722, 728 (Ala. 2013). In order for an employer to be liable for negligent hiring, training, supervision, or retention, the plaintiff must prove wrongful conduct on the part of the employee. *Jones Express, Inc. v. Jackson*, 86 So. 3d 298, 304 (Ala. 2010). However, the mere fact that an employee acted negligently or caused some injury does not establish liability for negligent employment. *See Cooter v. State Farm Fire & Cas. Co.*, 344 So. 2d 496, 497 (Ala. 1977).

To survive summary judgment, Plaintiffs must produce substantial evidence that: (1) Defendant Scott was incompetent; (2) his wrongful conduct was committed within the scope of his employment; (3) Defendant Keystone had knowledge of Defendant Scott's incompetency; and (4) Defendant Keystone failed to use reasonable care in hiring/training/retaining/supervising Defendant Scott. *See Perkins v. Dean*, 570 So. 2d 1217, 1219–20 (Ala. 1990); *Lane v. Central Bank of Alabama*, 425 So. 2d 1098, 1100 (Ala. 1983).

"Incompetence" is defined as the "state or fact of being unable or unqualified to do something." *Halford v. Alamo Rent-A-Car, LLC*, 921 So. 2d 409, 416 (Ala. 2005) (quoting *Black's Law Dictionary* 780 (8th ed. 2004)). "[T]he incompetence of a driver is measured by the driver's demonstrated ability (or inability) to properly drive a vehicle." *Id.* at 413-14. Incompetence may

be established through a number of characteristics or conditions, "including 'general incompetence' or 'habitual negligence.' More specifically, proof may 'be established by evidence of previous acts of negligent or reckless driving, . . . previous accidents, or previous acts of driving while intoxicated.'" *Edwards v. Valentine*, 926 So. 2d 315, 320 (Ala. 2005) (quoting Note, *Negligent Entrustment in Alabama*, 23 Ala. L. Rev. 733, 740, 746 (1971)).

The Alabama Supreme Court has imposed a high standard on plaintiffs seeking to prove driver incompetence. In *Halford*, the court found a driver to be competent even though her license had twice been suspended, including up to the day the vehicle was entrusted to her, when she struck another vehicle head-on while attempting a pass with limited visibility. *Halford*, 921 So. 2d at 410-11. The court further stated that a previous traffic violation is "grossly inadequate to establish incompetency." *Id.* at 412 (quoting *Thompson v. Havard*, 235 So. 2d 853, 857 (Ala. 1970)). In stark contrast, a driver was found incompetent when, in three years, he "had received four tickets for speeding, one ticket for running a red light, one ticket for racing on public roadways, and both a written warning and a letter of reprimand." *Id.* at 412. A driver was likewise incompetent who, in three years, "had been cited eight times for speeding, once for reckless driving, once for a traffic-signal violation, and once for driving without a driver's license." *Id.* at 413.

An employee is generally only deemed incompetent after multiple manifestations of incompetent conduct. *See Edwards v. Valentine*, 926 So. 2d 315, 322 (incompetent where: no valid drivers' license for 22 years, eight citations for driving without a license, two DUIs, one accident, and had been drinking a lot around time of accident); *Pryor v. Brown & Root USA*, 674 So. 2d 45, 52 (Ala. 1995) (driver charged with DUI within ten years, and received two tickets within past five years **could not** support negligent entrustment claim); *Thompson v. Havard*, 235

11

So. 2d 853, 857 (Ala. 1970) (in three years prior to accident, nineteen year old convicted of eleven moving violations sufficient to show that entrustee was reckless and incompetent).

There is no evidence that Defendant Scott was incompetent. Quite the contrary, the evidence shows that in fact he was a competent commercial truck driver. He only had one prior traffic citation before the subject accident, and his only other accident was not his fault. He had a valid commercial driver's license and had about two years of prior driving experience before being hired to drive for Defendant Keystone. As the cited cases recognize, even competent drivers can make mistakes while driving. *Pritchett v. ICN Med. Alliance, Inc.*, 938 So. 2d 933, 941 (Ala. 2006) ("Negligence is not synonymous with incompetency. The most competent may be negligent . . . [b]ut one who is habitually negligent may on that account be incompetent."). If Plaintiffs' version of the accident is to be believed, all that happened in this simple lane drift case is a competent commercial truck driver made a mistake. There is simply no evidence that would support a jury finding that Defendant Scott was incompetent. Thus, Plaintiffs' negligent entrustment claim and their negligent hiring, training, retention, and supervision claims should be dismissed on summary judgment.

**D.     Defendants are entitled to summary judgment on Plaintiffs' separate negligence and wantonness claims against unnamed fictitious parties because the claims are not against either Defendant and in any event fictitious party pleading is generally not permitted in federal court.**

Count Ten of Plaintiffs' Complaint are standard-issue fictituous party allegations often included in state court, from whence this action came upon removal (Doc 1 – Notice of Removal; Doc 2-1 at pp. 13-14 – Complaint at ¶¶ 54-55). However, they do not include any allegations against either Defendant and should therefore be dismissed. More fundamentally, they are due to be dismissed because fictitious party pleading is generally not allowed in federal court. *Portis v. Wal-Mart Stores, Inc.*, 2007 U.S. Dist. LEXIS 77939, at *3-5, n.1 (S.D. Ala., Oct. 19, 2007).

12

## V.	CONCLUSION

This case is a simple lane drift accident case that fortunately led to only minor soft tissue injuries for Plaintiffs that have long since resolved. None of Plaintiffs' claims, except for their negligent operation claims, are supported by any evidence even when that evidence is viewed in the light most favorable to Plaintiffs. All of Plaintiffs' claims, except for their negligent operation claims, should therefore be dismissed on summary judgment because, as shown above, there are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law on these claims. All that should remain moving forward are Plaintiffs' negligent operation claims in Counts One, Four, and Nine.

WHEREFORE, Defendants respectfully request that this Honorable Court issue an order dismissing Plaintiffs' claims in Counts Two, Three, Five, Six, Seven, Eight, Nine (to the extent this claim encompasses more than negligent operation), and Ten for the reasons discussed above.

Respectfully submitted this the 17th day of April, 2019.

/s/ Jeffrey G. Miller
BRETT A. ROSS		ASB-6771-O76B
JEFFREY G. MILLER	ASB-2236-J53M
Attorneys for Defendants, Keystone Freight Corp. and Allen Darnell Scott, Jr.

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:	(205) 822-2006
Facsimile:	(205) 822-2057
Email:		bross@carrallison.com
		jmiller@carrallison.com

13

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 17th day of April, 2019, I have served a true and correct copy of the above and foregoing on counsel for all represented parties by:

  \_\_\_\_\_Facsimile transmission;
  \_\_\_\_\_Hand Delivery;
  \_\_\_\_\_Email
  \_\_\_\_\_Placing a copy of same in the United States Mail, properly
    addressed and first class postage prepaid to; and/or
  XX   Using the Alafile or CM/ECF system which will send notifications
    of such to the following:

  Gregory R. Buchanan
  Slocumb Law Firm, LLC
  145 E. Magnolia Ave.
  Suite 201
  Auburn, AL 36830
  gregb@slocumblaw.com

            */s/ Jeffrey G. Miller*
            OF COUNSEL